SHEPHERD v. SHEPHERD, appellant.

*Divorce — remarriage of wife does not deprive her of alimony.*

Defendant, in a decree made upon a judgment of divorce against him, was directed to pay $3,000 a year alimony to plaintiff. *Held,* that the subsequent marriage of plaintiff was no reason for relieving defendant from the payment of such alimony. *Forrest* v. *Forrest*, 25 N. Y. 501.

APPEAL from an order refusing to modify the decree in this case in respect to alimony. Judgment of divorce was entered in favor of the plaintiff against the defendant September 5, 1871, and by the decree the defendant was directed to pay the sum of $3,000 a year to the plaintiff for her support, payable quarterly. The plaintiff was allowed to remarry and thereafter did marry one General C. L. Anderson, whose wife she now is. It was shown that Anderson was a collector of internal revenue in South Carolina, and received an annual salary of $2,500 but had no other income. Before marrying the defendant. plaintiff had been the wife of Joseph Girard, from whom she had obtained a divorce prior to her marriage with defendant. By the decree in the last-mentioned divorce suit, she is entitled to and is receiving one-half the income of a certain trust fund, amounting to $672.50 annually. On this state of facts, the defendant moved to modify the decree, by striking out the provisions as to alimony, or by reducing the amount. The matter was referred to Judge LEONARD, who reported that the motion ought to be denied. Defendant's motion to overrule this report and grant the original motion was denied at special term,* and defendant appealed.

---

* The following opinion was delivered at special term.

DONOHUE, J. Defendant now moves to open a decree and discharge him from the payment of alimony, on the ground that his wife has remarried. Two things are admitted, or abundantly appear: 1st. That the allowance is but a small part of the defendant's income; and 2d, the plaintiff needs her allowance. In any event, I think the motion should fail; she was not only by her marriage with the defendant entitled to a support equal to her position and means, but she was entitled to good faith on her part in his marital engagements; his wanton act has deprived her of both; and the court has, while depriving him of any right to call her his wife, given her in lieu of what he was bound to support her on, the allowance complained of, and in addition gave her the privilege of marrying again. The view which the defendant takes of the law would make the decree one in restraint of marriage, because it would, while giving her the right to marry again, forbid it except at the penalty of the loss of the amount decreed her. As matter of principle it seems to me that the right to marry

*Marsh & Wallis* and *Wm. F. Shepard,* for appellant.

The order is appealable. *Howell* v. *Mills,* 53 N. Y. 322. The provisions of the decree are within the power of the court. *Forrest* v. *Forrest,* 6 Duer, 102 ; 3 Bosw. 661 ; *Miller* v. *Miller,* 6 Johns. Ch. 91 ; *Holmes* v. *Holmes,* 4 Barb. 295. Alimony is not imposed as a penalty, nor is it granted in lieu of any legal interest in the husband's estate. It is merely for the wife's support. *Forrest* v. *Forrest,* 25 N. Y. 501 ; *Burr* v. *Burr,* 7 Hill, 207 ; 10 Paige, 20 ; *Wait* v. *Wait,* 4 N. Y. 95 ; *Crain* v. *Cavana,* 36 Barb. 410 ; Tyler on Inf. and Cov., § 697. The duty of supporting his wife is imposed upon the new husband. 20 and 21 Victoria, ch. 85, §§ 27, 32, was examined and the following cases cited : *Fisher* v. *Fisher,* 31 Law Jour. Mat. Cas. 1 ; 2 Swabey & Tristram, 410 ; *Whieldon* v. *Whieldon,* 30 id. 174 ; *Wilcocks* v. *Wilcocks,* 32 id. 205 ; *Hyde* v. *Hyde,* 34 id. 63 ; *Morris* v. *Morris,* 31 id. 33.

*C. W. Sandford,* for respondent, cites *Forrest* v. *Forrest,* 9 Abb. 317 ; 25 N. Y. 501 ; 2 R. S. 146, § 45. The English cases are under a statute essentially different from ours.

DANIELS, J. The statute empowers the court, upon making a decree in favor of the wife, dissolving the marriage for the misconduct of the husband, to require him to provide such suitable allowance for her support as it shall deem just, having regard to the circumstances of the respective parties. And the continuance of that allowance is in no way rendered dependent on the fact that she shall not afterward marry again. It is liable to no such contingency. 3 R. S. (5th ed.) 236, § 58.

Beyond that the statute expressly secures to the wife the right to marry again where she is the innocent party to the decree. And it

given by the decree should not be restricted in the way claimed where no complaint of poverty is made by the defendant. The defendant admits that he can find no case in this court to sustain his motion, and refers to some reasoning in an English case to support him. I do not think the position of the wife under the English law is, in this instance, a guide. While sickly sentimentality of woman's rights should not induce courts to oppress husbands, some fair show of justice should be given the wife, and the harsh rules of the foreign courts, treating all things as crime in a wife and venial in men, should be avoided. Whatever may be the principle, I think the case of *Forrest* v. *Forrest* governs the decision of this case. I agree with Judge LEONARD that the reasoning of the case applies to this, and is sound law. The plaintiff is, by the decree of the court, held to be an injured woman ; she is, by the defendant's acts, deprived of her support until the court gave it to her, and it would be letting the defendant take advantage of his original wrong to grant his motion.

neither, expressly, nor by any reasonable implication, deprives her of her allowance by way of alimony. 3 R. S. (5th ed.) 237, § 62. Complete control is given the court over the subject of the amount, but that is in no sense rendered dependent upon the circumstance of her subsequent marriage.

And as long as that is the nature of the provision made upon this subject, the court is not authorized to add a further qualification for which no warrant has been supplied by the law. The remedy is entirely statutory in its nature, and must be governed by the import and spirit of the legislation enacted upon the subject. And as it has not been provided that the wife shall forfeit her alimony by afterward marrying, the court has no right to attach that as a penalty to the act.

In *Forrest* v. *Forrest*, 25 N. Y. 501, 514–16, the husband was not allowed to prove the subsequent misconduct of the wife for the purpose of depriving her of her alimony on that account. The reason of the rule applied in the disposition of that case would seem to maintain the conclusion, that an act approved by both law and morals should not be attended with a loss which was there denied to be a proper or lawful consequence of her subsequent misbehavior. The proofs show that she is dependent upon the provision made for her support by the decree, and it is not claimed that any change has occurred in the circumstances of the husband rendering him unable to supply it. For that reason no case exists for any reduction or modification in the allowance. And as the wife's marriage forms no good grounds for depriving her of the provision made by the decree for her support, the husband should not be relieved from its performance. In one sense it was a punishment justly imposed upon him for the violation of his marital obligations, and that reason exists with as much force at this time for its continuance as it did when the decree itself was pronounced against him. For these reasons, as well as those mentioned by Justice DONOHUE in his opinion, the order should be affirmed, with costs.

DAVIS, P. J., and BRADY, J., concurred.

*Order affirmed.*